IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02440-GPG

JOSEPH WAYNE WARD,

    Plaintiff,

v.

STANLEY GARNETT,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Joseph Wayne Ward, is a prisoner currently incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado. On October 30, 2015, he filed *pro se* a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. (ECF No. 7).

On December 17, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Ward to file an amended prisoner complaint. (ECF No. 8). Magistrate Judge Gallagher instructed Mr. Ward to file an amended prisoner complaint that complied with the requirements of Rule 8 of the Federal Rules of Civil Procedure. In response, on January 8, 2015, Mr. Ward filed an Amended Prisoner Complaint. (ECF No. 9).

The court must construe the Amended Prisoner Complaint liberally because Mr. Ward is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court

should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Amended Prisoner Complaint will be dismissed.

The Court has reviewed the Amended Prisoner Complaint and finds that it fails to comply with the pleading requirements of Rule 8.  As Mr. Ward was advised, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Ward's claims are unintelligible.  They appear to involve his conviction in Boulder County District Court case 03CR001277.  At one point he argues the court had no subject matter jurisdiction in that case.  At another point, he references the Defendant's "own default within the Certificate of Dishonor/Administrative Judgment/

Notarial Protest." Further, he argues that the "Defendant and/or his office sold bonds and made profit upon the Plaintiff's/Beneficiary's conviction in case #03CR001277." The Court is unable to make sense of any of Plaintiff's arguments.

As such, despite specific instructions from Magistrate Judge Gallagher, Mr. Ward fails to set forth a short and plain statement of his claims showing he is entitled to relief. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Ward has already had an opportunity to amend his prisoner complaint to comply with the pleading requirements of Rule 8, but he has failed to do so. Therefore, the action will be dismissed for failure to file an Amended Prisoner Complaint that complies with Rule 8 as directed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ward files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 9) and action are DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of   January  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge